United States District Court
Southern District of Texas
**ENTERED**
November 05, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| JOSE URBINA, § | |
| § | |
| Plaintiff. § | |
| § | |
| V. § | CIVIL ACTION NO. 3:24-cv-00183 |
| § | |
| PROFESSIONAL SPRINKLERS LLC, § | |
| *et al.*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER

This is a Fair Labor Standards Act ("FLSA") case in which Plaintiff Jose Urbina seeks to recover overtime wages he is allegedly due. The parties have filed a Joint Motion for In Camera Review and Approval of Settlement Agreement. Dkt. 23. Attached to the Joint Motion is a Settlement Agreement and Release, which has been filed under seal. Dkt. 23-1.

For the reasons discussed below, I refuse to seal FLSA settlement agreements submitted for court approval. The public has a right to access judicial records. If the parties want a judge to formally approve a settlement agreement, the settlement agreement must be entered into the public record for all to see.

**A.    FLSA SETTLEMENT AGREEMENTS**

As a general rule, district courts do not examine or approve settlement agreements. In most civil matters, the parties are free to agree to whatever settlement terms they desire. FLSA claims for back wages, however, provide a unique situation. Recognizing that the provisions of the FLSA are mandatory and not subject to negotiation or bargaining, many courts across the country have held that parties cannot settle FLSA claims unless the negotiations were supervised by the Department of Labor or the agreement was judicially approved. *See, e.g.*, *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).

The Fifth Circuit, however, does not require a district court to approve each and every FLSA settlement. *See Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012). Instead, the Fifth Circuit has held that "parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due." *Id.* (quotation omitted). The Fifth Circuit "reasoned that such an exception would not undermine the purpose of the FLSA because the plaintiffs did not waive their claims through some sort of bargain but instead received compensation for the disputed hours." *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 165 (5th Cir. 2015). Only those FLSA settlements that do not involve a bona fide dispute as to the amount of hours worked or compensation due require court approval. *See Martin*, 688 F.3d at 255.

In recent years, it has become commonplace for the parties in FLSA cases within the Fifth Circuit to seek court approval of settlement agreements—even when the parties might not necessarily believe court approval is strictly required. They do so out of an abundance of caution. That is exactly the situation here. *See* Dkt. 23 at 1–2 n.1 (The parties request judicial approval of their FLSA settlement although they "do not believe the Court's approval of the Agreement is necessary to resolve this action [or] for the Court to grant the Parties' contemporaneously filed Joint Motion to Dismiss with Prejudice.").

**B.    SEALING JUDICIAL RECORDS**

"The public's right of access to judicial proceedings is fundamental." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021). "The principle of public access to judicial records furthers not only the interests of the outside public, but also the integrity of the judicial system itself." *United States v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010). The right of public access serves to "promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993) (quotation omitted).

Accordingly, the Fifth Circuit "heavily disfavor[s] sealing information placed in the judicial record." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022). Indeed, the Fifth Circuit has emphasized that district "courts are duty-bound to protect public access to judicial proceedings and records." *Le*, 990 F.3d at 417. To that end, "courts should be ungenerous with their discretion to seal judicial records." *Id.* at 418. Sealing court documents "must be justified and weighed against the presumption of openness that can be rebutted only by compelling countervailing interests favoring nondisclosure." *Id.* at 421.

It is simply not enough that the parties agree that the judicial record should be sealed. *See id.* at 417. "When it comes to protecting the right of access, the judge is the public interest's principal champion. And when the parties are mutually interested in secrecy, the judge is its *only* champion." *Id.* at 421; *see also BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019) ("Most litigants have no incentive to protect the public's right of access.").

C.   **SEALING FLSA SETTLEMENT AGREEMENTS**

"Once a settlement is filed in district court, it becomes a judicial record. The presumption in favor of the public's common law right of access to court records therefore applies to settlement agreements that are filed and submitted to the district court for approval." *Van Waeyenberghe*, 990 F.2d at 849 (cleaned up). This makes sense. If the court is going to approve—or disapprove—a settlement of any type, the public should be afforded the opportunity to view the underlying settlement agreement at issue. Otherwise, the public cannot determine whether the decision approving—or disapproving—the settlement is justified. Sealing a settlement agreement submitted to a district court for approval undermines the public's faith and confidence in our justice system.

"In the FLSA context, there is a strong presumption in favor of keeping the settlement agreements [submitted for court approval] . . . unsealed and available for public review." *Prater v. Com. Equities Mgmt. Co.*, No. H-07-2349, 2008 WL 5140045, at *9 (S.D. Tex. Dec. 8, 2008). This is because "[a] court's approval of a

settlement or action on a motion are matters which the public has a right to know about and evaluate." *Id.* (quotation omitted). "The public's interest in accessing the settlement agreement, including the settlement amount, often outweighs any interest in confidentiality." *Id.* For this reason, "[t]he overwhelming consensus of district courts that have considered the issue hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access." *Rodriguez v. El Pollo Regio, Inc.*, No. 3:11-cv-2276, 2012 WL 5506130, at *1 (N.D. Tex. Feb. 23, 2012) (cleaned up). "Sealing FLSA settlements from public scrutiny could thwart the public's independent interest in assuring that employees' wages are fair." *Tran v. Thai*, No. H-08-3650, 2009 WL 2477653, at *1 (S.D. Tex. Aug. 12, 2009) (quotation omitted).

I take my obligation "to zealously guard the public's right of access to judicial records" seriously. *Le*, 990 F.3d at 421. I can think of no reason to seal FLSA settlement agreements. Parties' aversion to airing their dirty laundry does not outweigh the presumption of public access. The parties are not obligated to file an FLSA settlement agreement unless they want the court to put a stamp of approval on their settlement. In such circumstances, the settlement agreement should be part of the public record, available for anyone to review. The public has a fundamental right to access judicial records.

## CONCLUSION

If the parties want the court to opine on whether the settlement of the FLSA claims in this matter is fair and reasonable, their settlement agreement must be unsealed. If, however, the parties decide they do not need court approval because they have reached a settlement of a bona fide FLSA dispute over hours worked or compensation owed, there is no reason for the court to review the settlement agreement. I will give the parties seven days to inform me whether they still seek judicial approval of the settlement. In the event the parties agree to withdraw their request for court approval, I will strike the Settlement Agreement and Release (Dkt. 23-1) from the record.

SIGNED this 5th day of November 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE